UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERIC MCNATT,

                        Plaintiff,

vs.

RICHARD PRINCE, BLUM & POE, LLC,
AND BLUM & POE NEW YORK, LLC,

                        Defendants.

Case No. 1:16-cv-8896 (SHS)

**DEFENDANTS RICHARD PRINCE, BLUM & POE, LLC AND
BLUM & POE NEW YORK, LLC'S MOTION TO PRECLUDE EVIDENCE,
TESTIMONY, REFERENCE, OR ARGUMENT CONCERNING ANY ALLEGED
SUSPENSION OR DELETION OF RICHARD PRINCE'S INSTAGRAM ACCOUNT**

Defendants Richard Prince, Blum & Poe, LLC and Blum & Poe New York, LLC (collectively, "Blum & Poe," and together with Prince, "Defendants"), respectfully submit this motion *in limine* to preclude evidence, testimony, reference, or argument at trial concerning any alleged revocation of access to, or deletion of, any Instagram account controlled by Richard Prince.

**INTRODUCTION**

Defendants anticipate that Plaintiff will attempt to introduce at trial irrelevant and prejudicial evidence concerning Mr. Prince's alleged deletion of the @richardprince4 Instagram account that he used to create the artwork at issue and/or Prince's alleged suspension from Instagram. Because there is not a shred of evidence that either of those things has anything to do with the facts of this case—and indeed, the evidence is directly to the contrary—Plaintiff's only conceivable purpose for introducing such evidence is to portray Mr. Prince in an unfavorable light or mislead the jury into thinking the deletion or suspension was somehow motivated by the misconduct Plaintiff has alleged. Nothing could be further from the truth. Consequently, the Court should preclude any such evidence, testimony, or argument under Federal Rules of Evidence 402, 403, and 404(b).

1

**BACKGROUND**

Since the outset of this case, Plaintiff has telegraphed his wholly unsupported theory that Prince's deletion of or suspension from Instagram is somehow relevant. In his Complaint, for example, Plaintiff alleges that Mr. Prince deleted his @richardprince4 account "[s]ubsequent to posting the Infringing Post and a photograph of the Infringing Portrait to Instagram," and that since that time he has only operated Instagram accounts other than the @richardprince4 account. *See* Doc. 1 at ¶ 32. Plaintiff's opposition to Defendants' motion to dismiss noted that Mr. Prince's Instagram account was suspended "after Prince violated the site's terms of service." *See* Doc. 34 at 10 n.3. Plaintiff then questioned Mr. Prince at his deposition about these issues, and Mr. Prince testified that he believed his Instagram account "was removed from Instagram, I am imagining because someone, I don't know who, complained about an image that I might have -- that I posted." Prince Dep. 59-60. Plaintiff is seeking to play that testimony for the jury when he calls Mr. Prince by deposition at trial. *See* Plaintiff's Proposed Deposition Designations (submitted contemporaneously via the parties' Joint Pre-Trial Order) (designating pp. 59:3-4; 59:7-8; 59:13-60:10 of Prince deposition). Defendants have objected to those proposed designations on multiple grounds, including because they are irrelevant (or, at minimum, substantially more prejudicial than they are probative) and because Plaintiff apparently intends to use them as impermissible character evidence. *See id.*

The timing and circumstances of the Instagram suspension make clear why any such evidence would be improper here. The evidence in the record is that Mr. Prince's Instagram account was suspended in March 2014 (and then reinstated)—six months before Mr. Prince created the Instagram post at issue in this case. The suspension related to the posting of an artwork containing nudity. *See* Carl Swanson, *How Richard Prince Got Kicked Off Instagram (And Then Reinstated)*, Vulture (March 8, 2014) (located at https://www.vulture.com/2014/03/how-richard-prince-got-kicked-off-

instagram.html as of December 28, 2023). That artwork was wholly unrelated to any allegations in this case. Nor was it a piece from the overall *New Portraits* series of Instagram portraits that Mr. Prince created. The afore-referenced article and its full explanation of when and why Mr. Prince was suspended from Instagram—which Plaintiff introduced as Exhibit 29 during the deposition of Jane Harmon—is tellingly nowhere on Plaintiff's proposed Exhibit List for trial.

Defendants attempted to reach agreement on this issue during meet and confers with Plaintiff's counsel. However, Plaintiff's counsel was unwilling to agree that they would not seek to introduce such evidence at trial, necessitating this motion.

## ARGUMENT

The Court should preclude Plaintiff from eliciting testimony or introducing any other evidence or argument about Mr. Prince's supposed deletion of his Instagram account of any suspension of the account.

To start, those events are irrelevant to any claim or defense in this case and thus inadmissible. Fed. R. Evid. 402. As the record makes clear, Mr. Prince's Instagram account was suspended for a brief period months before he created the Instagram post that Plaintiff claims infringed upon his copyright. And the suspension indisputably was for a reason entirely unrelated to Mr. Prince's subsequent creation of the at-issue artwork or his *New Portraits* series of works. If Plaintiff could draw a link between the Instagram deletion or suspension and Mr. Prince's credibility as a witness, for instance, the analysis would be different. But that is not what Plaintiff seeks to do; instead, he apparently seeks to elicit this evidence purely for the purpose of misleading the jury into thinking the suspension or deletion of the account was somehow an effort by Mr. Prince to cover his tracks after allegedly infringing Plaintiff's copyright, or, alternatively, a punishment imposed by Instagram for alleged infringement of Plaintiff's or others' works. It was neither, as the record makes clear, and there

accordingly is no relevance to this case.

The other possibility is that Plaintiff wants to use evidence of the Instagram suspension to suggest that Mr. Prince has a propensity for violating the rules or the law—including through his use of Instagram—and it is therefore more likely that Mr. Prince used his Instagram account to infringe upon Plaintiff's copyright. But Rule 404(b) plainly prohibits Plaintiff from attempting to use alleged prior bad acts for that purpose. Fed. R. Evid. 404(b)(1) ("Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.") Nor is there any colorable theory that would allow Plaintiff to shoehorn this evidence into the trial under the guise of Rule 404(b)(2)'s permitted uses: to show motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. That is because, at bottom, the conduct that resulted in the suspension of Mr. Prince's Instagram account in early 2014—posting an image containing nudity—bears no similarity to the conduct that is at issue here—the alleged impermissible copying of Plaintiff's photograph. The Court should exclude the evidence for this reason, too. *See Rivera v. Robinson*, 2020 WL 4816083, at *3 (E.D. La. Aug. 19, 2020) (excluding Instagram video depicting alleged speeding by decedent in personal injury case where video took place weeks before accident at issue and where any suggestion that decedent had a propensity for carelessness was barred by Rule 404).

Finally, even if Mr. Prince's Instagram suspension or alleged subsequent deletion of his account had some probative value (and it certainly does not), it would be substantially outweighed by the risk of unfair prejudice to Mr. Prince, confusing the jury, or generally wasting time and prolonging the trial. If Plaintiff is permitted to introduce evidence of Mr. Prince's Instagram deletion or suspension, Defendants will be forced to explain the reasons for the suspension and that it had nothing to do with this case. That could entail showing the image containing nudity

that resulted in the suspension, which could inflame jurors' passions against Mr. Prince. Such a digression from what is truly at issue would benefit no one. And the evidence Plaintiff seeks to elicit on this point—primarily Mr. Prince's fuzzy recollection at deposition about when or why his Instagram was deleted or suspended—is likely to only confuse the jury more as to why they are hearing about it. All of these concerns fall squarely within Rule 403's ambit and thus warrant exclusion. Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.").

<u>**CONCLUSION**</u>

For the foregoing reasons, Defendants respectfully request that the Court enter an order granting its motion in its entirety, together with such other relief as the Court deems just and proper.

Dated: December 29, 2023                    Respectfully submitted,

<u>*/s/ Alex Spiro*</u>
Alex Spiro
Maaren A. Shah
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue
22nd Floor
New York, New York 10010
alexspiro@quinnemanuel.com
maarenshah@quinnemanuel.com

*Attorneys for Defendant Richard Prince*

Ian C. Ballon
Nina D. Boyajian
GREENBERG TRAURIG, LLP
1840 Century Park East, Suite 1900
Los Angeles, CA 90067

5

(310) 586-7700
Ballon@gtlaw.com
BoyajianN@gtlaw.com

Dale R. Goldstein
GREENBERG TRAURIG, LLP
New York, NY 10017
(212) 801-9200
GoldsteinD@gtlaw.com

*Attorneys for Defendants Richard Prince,
Blum & Poe, LLC and Blum & Poe New York,
LLC*

6